**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

KEITH A. HOLMES, on behalf of himself and all others similarly situated,

                                       **Civil Action No.:** _____

                          Plaintiffs,

        V.                                   **COMPLAINT**

NEW REZ, LLC, NEW REZ, LLC D/B/A
SHELLPOINT MORTGAGE SERVICING,
SHELLPOINT PARNTERS, LLC,
NEW RESIDENTIAL INVESTMENT
CORPORATION, JACK NAVARRO,
BRUCE WILLIAMS, JOHN DOE #1 to
JOHN DOE # 10," the last 10 names being fictitious
and unknown to plaintiff, the persons or parties
intended being the person or parties, if any, named
in the verified complaint. JANE DOE #1 to JANE
DOE # 10," the last 10 names being fictitious and
unknown to plaintiff, the persons or parties intended
being the person or parties, if any, named in the
complaint.

                        Defendants,

-----------------------------------------------------------------X

[RECEIVED OCT 11 2022 PRO SE OFFICE]

Plaintiff, Keith A. Holmes, *Pro Se*, for and by his Complaint, against Defendants New Rez, LLC, New Rez, LLC d/b/a Shellpoint Mortgage Servicing, Shellpoint Partners, LLC, New Residential Investment Corporation, Jack Navarro and Bruce Williams alleges as follows:

### INTRODUCTION

1. The Plaintiff, Keith A. Holmes is the owner of a parcel of real property located at 636 Sharon Lane, Yorktown Heights, New York (Westchester County). The Plaintiff and his wife, Christine, purchased the property, their primary residence, in April of 2004.

1

2. The purchase of the property was financed with first and second mortgage(s) through Wilmington Finance Corp. After funding, the loans were packaged into a pool of loans and sold off as part of a residential loan syndication. Upon syndication, Litton Loan Servicing became the servicer of the Plaintiff's loans. The Plaintiff's mortgage was included in a loan syndication as part of C-BASS CERTIFICATES, SERIES 2004-CB5.

3. Jack Navarro and Bruce Williams were officers of C-Bass Specialty Finance at the time of the syndication of the Plaintiff's mortgage.

4. Adversely affected by the economic downturn of 2008, the Plaintiff defaulted on his mortgage in March of 2008. A modification was completed immediately thereafter and then, unable to keep up the payments, the Plaintiff defaulted again in June of 2008.

5. For a period of six (6) years, nine (9) months and ten (10) days, the Plaintiff received very little to no communication from the servicer or the owner of the first loan and no communication for the second mortgage.

6. Defendant Shellpoint Mortgage Servicing ("Shellpoint"), contacted the Plaintiff in October of 2021, seeking to collect on the second mortgage, a period of fourteen (14) +/- years from the Plaintiff's default in June 2008.

7. This Complaint seeks to address the clear violations of the Fair Debt Collections Practices Act 15 U.S.C § 1692 *et. seq.* and 15 U.S.C. 45(a) - Federal Trade Commission Act, Section 5 and the fact that the founders of New Rez, LLC and Shellpoint Mortgage Servicing, Navarro and Williams, are clearly using defaulted loans they originated at the C-Bass and Litton platforms, to create a profit center at New Rez and Shellpoint. Both Navarro and Williams are former officers of C-Bass Specialty Finance and Litton Loan Servicing, the original securitizer and servicer, respectively, of the Plaintiff's loan.

8. Additionally, this Complaint seeks to demonstrate the dubious manner in which New Rez, and Shellpoint communicate with a debtor. Communications that are clearly intended to dupe a debtor into thinking they need to pay debts that are, with the defendant's own acknowledgement, past the statute of limitations.

## PARTIES, JURISDICTION AND VENUE

9. Plaintiff, Keith A. Holmes, is a United States citizen domiciled in New York. He resides in Westchester County, New York.

10. Upon information and belief, defendant New Rez, LLC, is a United States corporation domiciled in Delaware and registered to do business in New York State.

11. Upon information and belief, defendant New Rez, LLC, d/b/a Shellpoint Mortgage Servicing, is a United States corporation domiciled in Pennsylvania, registered to do business in New York State and maintains a headquarters office in the state of South Carolina.

12. Upon information and belief, defendant Shellpoint Partners, LLC is a United States corporation domiciled in Delaware and is registered to do business in New York.

13. Upon information and belief, New Residential Investment Corporation, n/k/a Rithm Capital (NYSE:RITM) is a United States Corporation domiciled in Delaware.

14. Upon information and belief, Jack Navarro is a United States Citizen domiciled in Connecticut and is or was an officer of New Rez, LLC and New Rez, LLC d/b/a Shellpoint Mortgage Servicing.

15. Upon information and belief, Bruce Williams is a United States Citizen domiciled in New York State and is or was an officer of New Rez, LLC, New Rez, LLC d/b/a Shellpoint Mortgage Servicing and Shellpoint Partners, LLC.

16. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 (a) – diversity because the Plaintiff and Defendants are citizens of different states and the amount in controversy is over $75,000.00.

17. Venue is proper in this judicial district because the Plaintiff's property is located in the Southern District of New York – See 28 U.S.C. § 1391 (b)(2).

18. This Court may exercise personal jurisdiction over the Defendants as they are registered to conduct business within the state where the Plaintiff's property is located and the original mortgage and note where entered into in New York State and consideration was paid by the plaintiff at the outset of the note and mortgage.

## GENERAL ALLEGATIONS

19. The Plaintiff's property was financed with first and second mortgage(s) through Wilmington Finance Corp. The loans were ultimately packaged into a pool of loan and sold off as part of a residential loan syndication. Upon syndication, Litton Loan Servicing was the servicer of the Holmes' loans. The Plaintiff's mortgage was included in a syndication known as part of C-BASS CERTIFICATES, SERIES 2004-CB5.

20. Adversely affected by the economic downturn of 2008, the Holmes defaulted on their mortgage in March of 2008. A modification was completed immediately thereafter and then, unable to keep up the payments, the Holmes' defaulted again in June of 2008.

21. For a period of six (6) years, nine (9) months and ten (10) days, the Plaintiff received very little to no communication from the servicer or the owner of the first loan and no communication for the second mortgage.

22. At a point during the intervening six (6) years, the Plaintiff's loan was sold to Bank of NYMellon ("BONY") and Ocwen Financial Corp. ("Ocwen") purchased Litton Loan Servicing. Ocwen became the new servicer of the Plaintiff's loan.

23. On April 15, 2015, and in violation of CPLR § 213(4), the new owner of the note and mortgage, BONY, filed foreclosure proceedings on the first mortgage.

24. After extensive litigation, New York State Judge David Everett, A.S.J.C, rendered a Decision and Order on September 01, 2017, dismissing BONY's Complaint and awarding them only the six years of mortgage payments prior to the filing of the Summons and Complaint – an amount of approximately $210,000, before escrows. Both parties were then ordered to settlement conference.

25. During the settlement conferences, BONY, through its attorneys and servicer, were non-participatory and the referee ordered a settlement trial.

26. At the settlement trails, BONY, through its attorney-in-fact, Ocwen, was successful in reversing Judge Everett's Decision and obtained a judgment against the Plaintiff for $683,610.00.

27. After a Judgment of Foreclosure and Sale was granted to BONY through the settlement part and *not* the trial part, the note was sold to New Rez, LLC.

28. From the time of default in June of 2008, until present day, a period of over fourteen (14) years, no action has been taken on the second mortgage.

29. On or about October 15, 2021, the Plaintiff received a letter dated October 11, 2021, from Shellpoint Mortgage Servicing identifying them as the new servicer of the second mortgage and requesting payment of the outstanding amount of $148,902.36. On the back of the October 11, 2021 letter, Shellpoint indicates that it "cannot bring a legal action to collect

5

this debt or threaten to do so in the State of New York because the statute of limitations has expired."

30. On October 22, 2021, the Plaintiff received a call from a Shellpoint representative named "Peter" seeking to collect on the debt. The plaintiff refuted the validity of the debt as the New York State statute of limitations had expired and the representative indicted they were going to collect on it anyway as it is a filed lien on the property.

31. The Plaintiff continues to receive phone solicitations from Shellpoint approximately every two to three months since October, 2021 seeking to collect on the debt detailed in their letter dated October 11, 2021.

32. Defendants Navarro and Williams, both former senior officers of C-Bass Specialty Finance company and Litton Loan Servicing and now or formerly senior officers of New Rez, LLC and Shellpoint Mortgage Servicing, founded the New Rez, LLC / Shellpoint platform to recycle defaulted loans and judgments originated at the C-Bass platform and other lenders in a desire to illicitly profit from mortgages that are time barred or otherwise legally uncollectable.

## COUNT I

### The Fair Debt Collection Practices Act ~ 15 U.S.C. 1692

33. Plaintiff hereby re-alleges and incorporates by reference each and every allegation contained above as fully set forth in detail herein.

34. The defendants, attempting to collect on a debt where the statute of limitations has expired, have violated 15 U.S.C. § 1692 (e)(2)(a)(5)(10).

35. The defendants, in using their servicing platform, created a false impression that the debt is still owed and have violated 15 U.S.C. § 1692 (f)(1).

36. The defendants, after initially contacting the Plaintiff about the second mortgage, violated 15 U.S.C. § 1692 (g)(a)(1)(2) by not providing the Plaintiff with 1) the amount of the debt and 2) the name of creditor to whom the debt is owed within five (5) days of the initial communication.

## COUNT II

### The Federal Trade Commission Act ~ Section 5

37. Plaintiff hereby re-alleges and incorporates by reference each and every allegation contained above as fully set forth in detail herein.

38. The defendants solicitations from the period of October, 2021 until present day have been deceptively designed to induce the Plaintiff into believing he should bring full restitution of the debt and / or make a payment thus covertly resetting the statute of limitations for the debt. The defendants have violated 15 U.S.C. 45(a)- The Federal Trade Commission Act ~ Section 5 – Unfair or Deceptive Acts or Practices.

39. The defendants seek to pray on unsuspecting and unsophisticated borrowers with their aggressive actions.

## COUNT III

### Unjust Enrichment

40. Plaintiff hereby re-alleges and incorporates by reference each and every allegation contained above as fully set forth in detail herein.

41. The defendants, with full knowledge and scienter, have sought to unjustly enrich themselves at the expense of the Plaintiff.

## PRAYER FOR RELIEF

42. Wherefore, Plaintiff Keith A. Holmes hereby demands judgment against the defendants as follows:

    A.    For an order quieting title to the fee-simple interest in 636 Sharon Lane, Yorktown, New York, pursuant to New York Real Property Actions and Proceedings Law (RPAPL) Article 15 as the note and mortgage, by the defendants own admission, is well past the six (6) year New York State Statute of Limitations pursuant to CPLR § 213 (4).

    B.    For Punitive Damages in the amount of $648,902.36.

    C.    For such other and further relief as may be just and proper.

Dated: October 12, 2022                              Respectfully submitted,

*[signature]*
Keith A. Holmes
*Pro Se*
636 Sharon Lane
Yorktown, NY 10598
C: 917-880-6535
e-mail: kholmes@centurion-rg.com