Copy mailed by chambers 8-8-23 DH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KEITH A. HOLMES,                                 :
                            Plaintiff,           :
v.                                               :
                                                 :
NEW REZ, LLC, doing business as                  :
Shellpoint Mortgage Servicing; SHELLPOINT        :       **OPINION AND ORDER**
PARTNERS, LLC; NEW RESIDENTIAL               :
INVESTMENT CORPORATION; JACK              :       22 CV 8632 (VB)
NAVARRO; BRUCE WILLIAMS; and JOHN         :
AND JANE DOES 1–10; being fictitious and         :
unknown to plaintiff, the persons or parties     :
intended being the person or parties, if any,    :
named in the verified complaint,                 :
                            Defendants.          :
-------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Keith A. Holmes,[1] proceeding pro se, brings this action against defendants

Newrez LLC, doing business as Shellpoint Mortgage Servicing ("NewRez"); Shellpoint Partners,

LLC; New Residential Investment Corporation; Jack Navarro; Bruce Williams; and several John

and Jane Doe defendants.  He alleges NewRez, a loan servicer, is impermissibly seeking to

collect delinquent payments on plaintiff's mortgage because the statute of limitations for

commencing a foreclosure action has expired.  He brings claims pursuant to Section 1692 of the

Fair Debt Collection Practices Act ("FDCPA") and Section 349(a) of the New York General

Business Law ("GBL").  He also seeks an order quieting title to his property and punitive

damages.

---

[1]    Although the caption of the amended complaint lists the plaintiff as "Keith A. Holmes, on behalf of himself and all others similarly situated," plaintiff does not assert any class allegations. (Doc. #12 ("Am. Compl.") at 1).  Accordingly, the Court construes the amended complaint to assert only individual claims.

Now pending is defendants' partial motion to dismiss the amended complaint.  (Doc. #13).  In their motion, defendants seek dismissal of plaintiff's FDCPA claim as to all defendants except NewRez and dismissal of plaintiff's GBL claim as to all defendants.  Defendants' motion does not address plaintiff's request to quiet title.

For the reasons set forth below, the motion to dismiss is GRANTED, as to all claims and defendants.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[2]

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint, and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff owns real property located at 636 Sharon Lane, Yorktown Heights, New York (the "Property").  The Property is plaintiff's primary residence with his wife, which they purchased in April 2004 with a first and second mortgage.

Plaintiff defaulted on his mortgages in March 2008.  Plaintiff entered into a loan modification "immediately thereafter," but was "unable to keep up the payments" and defaulted on the modified loans in June 2008.  (Am. Compl. ¶ 4).

---

[2]      Although plaintiff alleges the "Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)" (Am. Compl. ¶ 16), he does not allege complete diversity among the parties.  Specifically, plaintiff alleges he is domiciled in New York and also alleges that defendant Williams is domiciled in New York. (Am. Compl. ¶¶ 9, 15); see Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile.").

For approximately thirteen years following plaintiff's June 2008 default, he alleges he received "no communication from any servicer for the second mortgage." (Am. Compl. ¶ 5).[3]

According to plaintiff, this thirteen-year silence was broken on October 11, 2021, when plaintiff received a letter from NewRez identifying itself as the new loan servicer for the second mortgage and requesting payment of the outstanding balance. Plaintiff attaches a copy of the October 11 letter to his complaint. (Doc. #12 at ECF 11).[4] It says "[t]he servicing of the account is being transferred from PHH Mortgage Services to [NewRez] on 10/01/2021," and, in bold, that, "AS OF THE DATE OF THIS LETTER, YOU OWE $148,902.36," but that this amount may vary from day to day "BECAUSE OF INTEREST, LATE CHARGES, AND OTHER CHARGES." (Id.) It lists the "Creditor" as "PHH Mortgage Services." (Id.) And it includes the following disclaimer: "Please be advised that we cannot bring a legal action to collect this debt or threaten to do so in the state of New York because the statute of limitations has expired." (Id. at ECF 12).

On October 22, 2021, plaintiff alleges NewRez contacted him again about the second mortgage, this time by phone. According to plaintiff, he told the NewRez representative the statute of limitations for commencing a legal action to collect on his mortgage had expired, but the representative responded NewRez was "going to collect on it anyway." (Am. Compl. ¶ 30). Plaintiff contends NewRez calls every two-to-three months seeking payment on the second mortgage.

---

[3]   Because plaintiff's claims concern only his second mortgage, the Court does not summarize factual allegations relating to his first mortgage in this Opinion and Order.

[4]   "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

Plaintiff alleges individual defendants Jack Navarro and Bruce Williams founded and either are, or were, officers of NewRez.  According to plaintiff, Navarro and Williams "recycle defaulted loans and judgments . . . in a desire to illicitly profit from mortgages that are time barred or otherwise legally uncollectible."  (Am. Compl. ¶ 32).

Plaintiff further alleges defendant New Shellpoint Partners LLC is the parent company of NewRez, and defendant New Residential Investment Corporation is the parent company of Shellpoint Partners, LLC.  According to plaintiff, Navarro and Williams, as corporate officers of NewRez, and New Residential Investment Corporation and Shellpoint Partners, LLC, as parent entities of NewRez, authorized the illicit "collection of time-barred consumer debts."  (Am. Compl. ¶ 33).

Plaintiff asserts no factual allegations involving the John and Jane Doe defendants.

## DISCUSSION

I.    Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).[5]  Second, "[w]hen there are well-pleaded

---

[5]    Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). "Even in a pro se case, however, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

In deciding a Rule 12(b)(6) motion, the Court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

## II.    FDCPA Claim

Defendants argue the FDCPA claim should be dismissed as to all defendants except NewRez because the amended complaint does not allege these defendants engaged in conduct

violating the FDCPA and does not plead sufficient facts to pierce NewRez's corporate veil.

The Court agrees the FDCPA claim must be dismissed, but on a different ground and as to all defendants.  That is, plaintiff fails to state an FDCPA claim because he has not alleged any defendant made a false or misleading representation, threatened to take action that cannot legally be taken, or employed any deceptive means to collect a debt.[6]

A.    Legal Standard

"Congress enacted the FDCPA to protect against the abusive debt collection practices likely to disrupt a debtor's life." Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 81 (2d Cir. 2018).  In furtherance of this purpose, Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" including "the false representation of . . . the character, amount, or legal status of any debt;" "[t]he threat to take any action that cannot legally be taken;" or "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."  15 U.S.C. § 1692e(2)(A), (5), (10).

Likewise, Section 1692f of the FDPCA prohibits a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt" including "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).  "Although the FDCPA leaves the term 'unfair or unconscionable means' undefined," the Second Circuit has "held that the term refers to practices that are shockingly unjust or unfair, or affronting the sense of justice, decency, or reasonableness." Wagner v. Chiari & Ilecki, LLP, 973 F.3d 154, 167 (2d Cir. 2020)

---

[6]      Although defendants note in their memorandum of law that "Mr. Holmes incorrectly assumes that the expiration of the statute of limitations extinguishes the debt," their motion does not argue the FDCPA claim should be dismissed on this basis.  (Doc. #16 at 2).

Finally, Section 1692g of the FDCPA requires debt collectors to "send the consumer a written notice containing—(1) the amount of the debt; [and] (2) the name of the creditor to whom the debt is owed" within five days after the initial communication the debt collector has with that consumer "unless [that] information is contained in the initial communication."  15 U.S.C. § 1692g(a)(1), (2).

"Whether a communication is false, deceptive, or misleading under [the FDCPA] is determined from the perspective of the objective least sophisticated consumer."  Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d at 85.  "While the least sophisticated consumer may lack . . . the sophistication of the average, everyday, common consumer, he can nonetheless be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care."  Kolbasyuk v. Cap. Mgmt. Servs., LP, 918 F.3d 236, 239 (2d Cir. 2019).  Applying this standard, a representation is misleading or deceptive "when it is sufficiently ambiguous to give rise to a reasonable, but inaccurate, interpretation."  Id.

Thus, "FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice."  Gabriele v. Am. Home Mortg. Serv., Inc., 503 F. App'x 89, 94 (2d Cir. 2012) (summary order).[7]  Moreover, a statement "must be materially false or misleading to be actionable under the FDCPA," which means "it has the potential to affect the decision-making process of the least sophisticated consumer."  Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d at 85.  For example, a debt collector will be liable under the FDCPA "for falsely representing that the collector had the authority to initiate legal proceedings against the debtor."  Gabriele v. Am. Home Mortg. Serv., Inc., 503 F. App'x at 94.

---

[7]     Plaintiff will be provided copies of all unpublished opinions cited in this decision.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

B.      <u>Analysis</u>

Liberally construed, plaintiff alleges NewRez falsely stated it could try to collect delinquent payments on the second mortgage, notwithstanding that the statute of limitations for commencing a legal action had expired.  However, based on the facts plaintiff has pleaded, that statement is true, and is not materially misleading.

Section 213 of the New York Civil Practice Law and Rules provides that "an action upon a bond or note, the payment of which is secured by a mortgage upon real property," must be commenced within six years.  N.Y. C.P.L.R. § 213(4).  "Actions" are, generally, court proceedings.  <u>See, e.g.</u>, N.Y. C.P.L.R. § 103(a) ("There is only one form of civil action.  The distinctions between actions at law and suits in equity, and the forms of those actions and suits, have been abolished."); <u>id</u>. § 103(b) ("All civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized."); <u>see also</u> <u>Wagner v. Chiari & Ilecki, LLP</u>, 973 F.3d at 158 ("a creditor generally can enforce repayment of debts by bringing an action in New York courts against the debtor").

Even the least sophisticated, objective consumer would not reasonably interpret a letter introducing "the new servicer" on his mortgage and requesting payment in respect of delinquent amounts to be "a legal action to collect" the debt, particularly when the letter explicitly states the servicer "cannot bring a legal action" to collect it.  (Am. Compl. at ECF 11–12); <u>see</u> <u>Solis v. Commonwealth Fin. Sys., Inc.</u>, 2020 WL 2523047, at *5 (E.D.N.Y. May 15, 2020) ("Generally, a creditor can seek voluntary payment of a time-barred debt.  The violation of the FDCPA occurs when the letter's statements could mislead an unsophisticated consumer to believe that her time-barred debt is legally enforceable."); <u>see also</u> <u>Delfonce v. Eltman Law, P.C.</u>, 712 F. App'x 17, 19–20 (2d Cir. 2017) (debt collector did not violate Sections 1692e, 1692f, or 1692g of the

8

FDCPA by using the term "judgment date" in a collection letter regarding an eight-year-old debt because the least sophisticated consumer would not "consider the collection letter to be a judgment itself or the commencement of legal action" when "the letter simultaneously state[d] that it 'should not be taken as a threat of legal action'").

Therefore, plaintiff has not plausibly alleged NewRez threatened to take impermissible legal action or misstated the status of the second mortgage.  Plaintiff also does not allege any communication falsely stated the amount of his debt under the second mortgage or the identity of his creditor.  Thus, plaintiff has failed to allege any defendant made a material misrepresentation regarding his second mortgage or engaged in unfair or unconscionable means to collect a debt.

Finally, plaintiff claims defendants violated Section 1692g of the FDPCA by not providing him with a written communication stating the amount of his debt and the name of the creditor to whom it is owed as part of, or within five days of, the initial communication. However, the October 11, 2021, letter, which plaintiff attaches to his complaint, does include this information.  Thus, contrary to plaintiff's argument, the facts in the amended complaint suggest NewRez provided the required information.

Accordingly, plaintiff's FDCPA claim must be dismissed as to all defendants.

III.    State-Law Claims

Fairly construed, plaintiff asserts claims pursuant to GBL Section 349 and Section 1501(4) of the New York Real Property Actions and Proceedings Law in the amended complaint.[8]

---

[8]    Section 1501(4) of the New York Real Property Actions and Proceedings Law allows a person holding an interest in property to bring an action seeking the cancellation and discharge of a mortgage when the period allowed by the applicable statute of limitations for the commencement of an action to foreclose a mortgage has expired.  N.Y. Real Prop. Acts. Law § 1501(4); see Freedom Mortg. Corp. v. Engel, 37 N.Y.3d 1, 25 n.7 (2021).

As discussed, the parties do not have diverse citizenship, and the sole federal claim asserted in the amended complaint is dismissed.  A federal court may exercise supplemental jurisdiction over state law claims if they "form part of the same case or controversy" as the plaintiff's federal claim.  28 U.S.C. § 1367(a).  However, a federal court "may decline to exercise supplemental jurisdiction over a [state-law] claim" if "the district court has dismissed all claims over which it has original jurisdiction."  Id. § 1367(c)(3).

Given the early stage of these proceedings and the absence of any remaining federal issues, the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.").

Accordingly, the state-law claims are dismissed without prejudice.

## CONCLUSION

The motion to dismiss is GRANTED as to all defendants.

The Clerk is instructed to terminate the motion (Doc. #13) and close this case.

Chambers will mail a copy of this Opinion and Order to plaintiff at the address on the docket.

Dated: August 7, 2023
     White Plains, NY          SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge